UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| LAWRENCE C. BARBEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 09-CV-2056 |
| | ) |
| CHRISTY - FOLTZ, INC., | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

## FINAL PRE-TRIAL ORDER

This matter is before the Court at a Final Pre-Trial Conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff Counsel**:

Mary Lee Leahy, 1599534
Leahy Law Offices
308 E. Canedy
Springfield, IL 62703-2202
217-522-4411

Douglas J. Quivey, 6225888
Londrigan Potter & Randle PC
1227 S. Seventh St.
Springfield IL  62705
217-544-9823

**Defendant Counsel:**

Samuel Postlewait, 6189229
Winters Featherstun Gaumer Postlewait Stocks & Flynn
225 N. Water St.  Ste. 200
Decatur IL  62525
217-429-4453

I. **Nature of the Case**

Plaintiff claims;

1. he was harassed by Defendant on the basis of his race,

2. the harassment created a hostile, intimidating or offensive environment,

3. his race and/or having previously complained as to the racial harassment was a motivating factor in Defendant's decision to deny Plaintiff the ready mix truck driver position, all in violation of 42 U.S.C. 2000e, *et seq*.

The Defendant denies Plaintiff's claims and affirmatively states it took prompt remedial action to address Plaintiff's complaints.

II. **Joint Statement**

A. Jurisdiction

1. This is an action for damages brought pursuant to 42 U.S.C. 2000e, *et seq*.

2. The personal and subject matter jurisdiction of this Court is not disputed and is invoked under 28 U.S.C. 1343.

B. Uncontested Issues of Fact

1. Defendant, Christy-Foltz, is a closely held family corporation located in Decatur, Illinois. Defendant created and owns Decatur Construction Services, Inc., d/b/a Grohne Concrete Products (a ready mix company) and which utilizes employees of Defendant to conduct its business.

2. At all times relevant, Ron Grigg was the plant manager and was acting within the scope of his employment.

3. In 2007, Defendant had approximately 130 employees; approximately 15 - 18 of the employees were truck drivers, the numbers vary at any given time depending on season and demand.

4. There are three categories of truck drivers at Defendant; ready mix drivers, construction drivers, and material haulers. All are members of the Teamsters Union.

5. Three Teamster contracts govern: one for ready mix drivers, one for construction drivers, and one for material hauler drivers.

6. The African-American population of Decatur in 2007 was 15.7%.

7. Since 2007, Plaintiff was the only African-American truck driver who worked for Defendant, although other African-Americans have worked for Defendant in craft positions.

8. The filling of craft positions in governed by a union hiring hall.

9. Defendant is free to decide who to hire as truck drivers.

10. In August, 2007, another truck driver, Gary Roberts, called Barbee a "nigger" - according to Roberts he called Plaintiff "a dumb nigger."

11. In August, 2007, Aldrich, a coworker of Plaintiff, used the word "nigger" when Plaintiff was not present.

12. Roberts and Aldrich each received a 5 working day suspension, a week off without pay, for the use of the word "nigger."

13. Defendant did not grant Plaintiff's October 11, 2007, request to transfer to a ready mix truck driver position.

C. <u>Contested Issues of Fact</u>

1. Whether Defendant by and through its employees created a racially hostile work environment for Plaintiff?

2. Whether in October, 2007, Plaintiff found a noose at the work place?

3. Whether later in October, 2007, Plaintiff found a second noose at the workplace?

4. Did Defendant have a written anti-discrimination policy in effect on June 1, 2007 or any other relevant time?

5. Did Defendant ever follow that written policy?

6. Whether Defendant's policies or actions to prevent racial discrimination were reasonable?

7. Did Plaintiff ever refer to himself or other African Americans in a racially derogatory manner?

8. Whether Plaintiff's race was a motivating factor in Defendant's denying him the ready mix truck driver position?

9. Whether Plaintiff's complaining about the racial harassment was a motivating factor in Defendant's denying Plaintiff the ready mix concrete truck driver position?

10. Whether Defendant loaned employees other than Plaintiff money?

11. Whether employees other than Plaintiff were "banned" from certain jobs?

12. If Plaintiff proves his case, how much is he entitled to for emotional pain and suffering?

13. If Plaintiff proves his case how much is he entitled to for lost wages?

14. Was the conduct of Defendant or its managerial employees toward Plaintiff in reckless disregard of his rights?

15. If the conduct of Defendant or its managerial employees was done in reckless disregard of Plaintiff's rights how much is he entitled to in punitive damages?

16. Whether the conduct claimed to be harassing was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive?

17. Whether Plaintiff was subjected to harassment based on race?

18. Whether at the time that the alleged harassing conduct allegedly occurred, Plaintiff believed that the conduct made his work environment hostile or abusive?

19. Whether Defendant took reasonable steps to correct the situation or prevent the alleged harassment from recurring?

20. Whether either of the objects Plaintiff claims to have been a noose as referenced in 2 and 3 above, were directed at Plaintiff or meant to intimidate Plaintiff, or to convey any racial meaning?

21. Whether either object claimed to be a noose by the Plaintiff had any utility in the workplace or was made for a purpose wholly unrelated to Plaintiff and his race?

22. Excepting the isolated racial slur of Gary Roberts in August 2007 to Plaintiff, whether Plaintiff has fabricated any other conduct claimed by Plaintiff to be harassing for purposes of financial gain in connection with this lawsuit?

23. Whether Defendant's failure to grant Plaintiff's request to transfer to a ready mix driver position October 2007 was because of his race or because of his complaining about harassment or whether Defendant would have denied such request even if Plaintiff had not complained about harassment.

D. Contested Issues of Law

1. Those issues associated with instructions offered by Plaintiff and Defendant (burden of proof on Element 7 of Plaintiff's instruction No. 18(a); requirement that vicarious liability for punitive damages arise out of conduct of managerial employee, Defendant's Instruction No. 4.)

2. Whether a statutory cap on compensatory and punitive damages applies to this case. 42 USCA §1981(a) and (b).

3. Whether punitive damages can by imposed on Defendant due to acts of non-managerial employees when Defendant knew or should have known of the acts of non-managerial employees.

E. Plaintiff demanded a jury.

III. **Plaintiff's Statement of Damages**

Plaintiff seeks compensatory and punitive damages as a result of the harassment and as a result of being denied the ready mix truck driver position. Compensatory damages include emotional pain and suffering, back pay and future lost wages.

Παγε 6 οφ 15

Page 6 of 15

Plaintiff also seeks attorney fees and costs.

### IV. Exhibits Attached

The following are attached as exhibits to this order and are made a part hereof:

A. Stipulation of Uncontested facts (signed by all parties).

B. Plaintiff's Witness List

C. Defendant's Witness List

D. Plaintiff's Exhibit List

E. Defendant's Exhibit List

F. Plaintiff's Proposed Instructions

G. Defendant's Proposed Instructions

### V. Limitations, Reservations and Other Matters

A. Trial Date. Trial of this cause is set on October 18, 2010.

B. Length of Trial. The probable length of trial is 4 days.

IT IS UNDERSTOOD BY THE PARTIES THAT:

The plaintiff is limited to 1 expert witnesses whose name and qualifications have been disclosed to the defendant. The defendant is not allowed any expert witnesses.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial may not exceed 4 full days.

This pretrial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

There is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

DATED: 10/8/10

s/Michael P. McCuskey
_____
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFF

_____
ATTORNEY FOR DEFENSE

C:\My Docs\Fc\Barbee.FinalPretrialOrder.wpd

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

IN THE MATTER OF:            )
                             )
LAWRENCE C. BARBEE,          )
                             )
    Plaintiff,             )
                             )
vs.                          )    No. 09-CV-2056
                             )
CHRISTY - FOLTZ, INC.,       )    JURY DEMANDED
                             )
    Defendant.             )

<u>Uncontested Issues of Fact</u>

1. Defendant, Christy-Foltz, is a closely held family corporation located in Decatur, Illinois. Defendant created and owns Decatur Construction Services, Inc., d/b/a Grohne Concrete Products (a ready mix company) and which utilizes employees of Defendant to conduct its business.

2. At all times relevant, Ron Grigg was the plant manager and was acting within the scope of his employment.

3. In 2007, Defendant had approximately 130 employees; approximately 15 - 18 of the employees were truck drivers, the numbers vary at any given time depending on season and demand.

4. There are three categories of truck drivers at Defendant; ready mix drivers, construction drivers, and material haulers. All are members of the Teamsters Union.

5. Three Teamster contracts govern: one for ready mix drivers, one for construction drivers, and one for material hauler drivers.

6. The African-American population of Decatur in 2007 was 15.7%.

7. Since 2007, Plaintiff was the only African-American truck driver who worked for Defendant, although other African-Americans have worked for Defendant in craft positions.

8. The filling of craft positions in governed by a union hiring hall.

9. Defendant is free to decide who to hire as truck drivers.

10. In August, 2007, another truck driver, Gary Roberts, called Barbee a "nigger" - according to Roberts he called Plaintiff "a dumb nigger."

11. In August, 2007, Aldrich, a coworker of Plaintiff, used the word "nigger" when Plaintiff was not present.

12. Roberts and Aldrich each received a 5 working day suspension, a week off without pay, for the use of the word "nigger."

13. Defendant did not grant Plaintiff's October 11, 2007, request to transfer to a ready mix truck driver position.

| _____ | _____ |
| Attorney for Plaintiff | Attorney for Defendant |

DUE TO PRIVACY ISSUES THE WITNESS LISTS HAVE BEEN REMOVED FROM THE FINAL PRETRIAL ORDER

THE WITNESS LISTS WILL BE MAILED CONVENTIONALLY TO ATTORNEYS OF RECORD AND/OR PRO SE PARTIES

EXHIBIT LIST FOR PLAINTIFF

| Case Name: Barbee v. Christy-Foltz, Inc. | Case No.: 09-CV-2056 | Page ____ of ____ |

| No.: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1. | Letter regarding discipline given Roberts regarding use of the word "nigger". | X | | |
| 2. | Notes of August 20, 2007, meeting of Schinzler, Grigg and Plaintiff. | X | | |
| 3. | First Noose | X | | |
| 4. | Second Noose | X | | |
| 5. | Picture of Noose No. 1 | X | | |
| 6. | Picture of Noose No. 2 | X | | |
| 7. | Non-discrimination and anti-harassment policy | X | | |
| 8. | 10-11-2007 Driver's log requesting job with note. | X | | |
| 9. | Letter from Ron Grigg to Terry Aldrich dated August 1, 2003. | X | | |
| 10. | Records regarding loan made to Gary Roberts. | X | | |
| 11. | Resume of Christopher Benson | | | Foundation |
| 12. | Records re: ready mix drivers pay | | | |

# EXHIBIT LIST FOR DEFENDANT

Case Name: Barbee v. Christy-Foltz, Inc.   Case No.: 09-CV-2056   Page ___ of ___

| No. | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1. | Photograph of Donny Kuhle in doorway of batch office (Deposition Exhibit 1, 1-29-10) | | | X relevancy |
| 2. | Non-Discrimination and Anti-Harassment Policy (Deposition Exhibit 2, 1-29-10) | X | | |
| 3. | Employee Safety Rules (Deposition Exhibit 3, 1-29-10) | X | | |
| 4. | Photograph of sash cord with one end wrapped to resemble a noose in batch office (Deposition Exhibit 4, 1-29-10) | X | | |
| 5. | Photograph of rope on batch plant wall with one end wrapped utilizing slip knot and other end wrapped to form a loop (Deposition Exhibit 5, 1-29-10) | X | | |
| 6. | Photographs showing Grohne Concrete Products premises (Deposition Exhibit 6, 1-29-10) (either as a group of separately) | | | X relevancy |
| 7. | Notes of August 20, 2007 meeting of Schinzler, Grigg and Plaintiff (Deposition Exhibit 7, 1-29-10) | X | | |
| 8. | Hauling and Stockpiling Agreement between Christy-Foltz, Inc. and Teamsters Local Union No. 279 dated 6-24-07 (Deposition Exhibit 8, 1-29-10) | X | | |
| 9. | Letter to Jerry Conner from Plaintiff dated 8-20-07 (Deposition Exhibit 9, 1-29-10) | | | X relevancy |
| 10. | Letter to Ron Grigg from Plaintiff dated 8-15-07 (Deposition Exhibit 10, 2-24-10) | X | | |
| 11. | Application for Employment of Plaintiff dated 3-11-04 (Deposition Exhibit 11, 2-24-10) | X | | |
| 12. | Letter to Gary Roberts from Ron Grigg dated 8-14-07 (Deposition Exhibit 12, 3-19-10) | X | | |
| 13. | Photograph of rope on batch wall (Deposition Exhibit 13, 3-19-10) | X | | |
| 14. | Rope from batch plant wall (Deposition | X | | |

| | | | | | |
|---|---|---|---|---|---|
| | Exhibit 14, 3-19-10) | | | | |
| 15. | Sash cord from batch office (Deposition Exhibit 15, 3-31-10) | X | | | |
| 16. | Notes of Ron Grigg (first two pages of Deposition Exhibit 16, 3-31-10) | | | | X foundation |
| 17. | Driver's Log requesting job change to ready mix driver dated 10-11-07 with note (Page 3 of Deposition Exhibit 16, 3-31-10) | X | | | |
| 18. | Driver's Log requesting job change to ready mix driver dated 10-11-07 produced by Plaintiff | X | | | |
| 19. | Record of cash in advance loan to Plaintiff dated 8-8-07 | X | | | |
| 20. | Record of $700.00 loan to Plaintiff paid 3-21-07 | X | | | |
| 21. | 8-21-06 record of loan to Plaintiff | X | | | |
| 22. | Payroll records of Defendant relevant to past or future wage claim, job transfer issue as included in Defendant's production | | | | X can't identify |

Page 15 of 15