**E-FILED**
Tuesday, 12 October, 2010  09:53:50 AM
Clerk, U.S. District Court, ILCD

The law regarding this case is contained in the instructions that I will give to you.  You must consider the Court's instructions as a whole, not picking out some instructions and disregarding others.

It is your duty to resolve this case by determining the facts and following the law given in the instructions.  Your verdict must not be based upon speculation, prejudice, or sympathy.  Each party, whether a corporation or an individual, should receive your same fair consideration.

You will decide what facts have been proven.  Facts may be proven by evidence or reasonable inferences drawn from the evidence.  Evidence consists of stipulations, the testimony of witnesses, and of exhibits admitted by the court.  You should consider all the evidence without regard to which party produced it.  You may use common sense gained from your experiences in life in evaluating what you see and hear during trial.

You are the only judges of the credibility of the witnesses.  You will decide the weight to be given to the testimony of each of them.  In evaluating the credibility of a witness you may consider that witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue important to the case.

An opening statement is what an attorney expects the evidence will be.  A closing argument is given at the conclusion of the case and is a summary of what an attorney contends the evidence has shown.  If any statement or argument of an attorney is not supported by the law or the evidence you should disregard that statement.

Pl's Instruction No. 1
I.P.I. 1.01
Modified

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in this trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Pl's Instruction No. 2
7th Cir. P.I. 2.01

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side whom I may caution or warn during the trial.

Pl's Instruction No. 3
7th Cir. P.I. 2.14

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice/fear/public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Pl's Instruction No. 4
7th Cir. P.I. 1.01

In this case the defendant is a corporation.  All parties are equal before the law.  A corporation is entitled to the same fair consideration that you would give any individual person.

Pl's Instruction No. 5
7th Cir. P.I. 1.03

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true that a person would have given certain testimony.

I have taken judicial notice of certain facts.  You must accept those facts as proved.

Pl's Instruction No. 6
7th Cir. P.I. 1.04

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Pl's Instruction No. 7
7th Cir. P.I. 1.06

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Pl's Instruction No. 8
7th Cir. P.I. 1.07

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

PI's Instruction No. 9
7th Cir. P.I. 1.08

You should use common sense in weight the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

Pl's Instruction No. 10
7th Cir. P.I. 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Pl's Instruction No. 11
7th Cir. P.I. 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-   the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-   the witness's memory;

-   any interest, bias, or prejudice the witness may have;

-   the witnesses intelligence;

-   the manner of the witness while testifying;

-   and the reasonableness of the witness's testimony in light of all the evidence in the case.

It is proper for a lawyer to meet with any witness in preparation for trial.

Pl's Instruction No. 13
7th Cir. P.I. 1.16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Pl's Instruction No. 14
7th Cir. P.I. 1.17

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Pl's Instruction No. 15
7th Cir. P.I. 1.18

The parties have stipulated, or agreed, that:

1. Defendant, Christy-Foltz, is a closely held family corporation located in Decatur, Illinois. Defendant created and owns Decatur Construction Services, Inc. (No employees.) Decatur Construction Services, Inc., owns Grohne (a ready mix company).

2. Since 2004, Plaintiff, Lawrence Barbee, an African American man, has been working as a hauler truck driver for Defendant.

3. At all times relevant, Ron Grigg was the plant manager and was acting within the scope of his employment.

4. Defendant has approximately 130 employees; approximately 18 of the employees are truck drivers.

5. There are three categories of truck drivers at Defendant; ready mix drivers, construction drivers, and haulers. All are members of the Teamsters Union.

6. Two Teamster contracts govern: one for ready mix drivers, and one for the other drivers.

7. The African-American population of Decatur is 18%.

8. At all times relevant, Plaintiff was the only African-American truck driver who worked for Defendant.

9. In August, 2007, another truck driver, Gary Roberts, called Barbee a "nigger" - according to Roberts he called Plaintiff "a dumb nigger."

10. In August, 2007, Aldrich, a coworker of Plaintiff, used the word "nigger" when Plaintiff was not present.

11. Roberts and Aldrich each received a 5 day suspension for the use of the word "nigger."

12.  Defendant has never provided any training to its employees on race discrimination or harassment based on race.

13.  Defendant refused to hire Plaintiff as a ready mix truck driver.

Pl's Instruction No. 16
7th Cir. P.I. 2.05

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Pl's Instruction No. 17
7th Cir. P.I. 1.27

In this case, Plaintiff claims that he was harassed at work because of his race.  To succeed on this claim, Plaintiff must prove six things by a preponderance of the evidence:

    1.    Plaintiff was subjected to harassment based on race;

    2.    The conduct was unwelcome;

    3.    The conduct occurred because Plaintiff was African American;

    4.    The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

    5.    At the time the conduct occurred, Plaintiff believed that the conduct made his work environment hostile or abusive;

    6.    Defendant knew or should have known about the conduct.

If you find that Plaintiff has proved by a preponderance of the evidence each of the things required of him, then you must find for Plaintiff.  However, if Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for Defendant.

Pl's Instruction No. 18
7th Cir. P.I. 3.04

To decide whether a reasonable person would find Plaintiff's work environment hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating, and whether it unreasonably interfered with the plaintiff's work performance. No single factor is required in order to find a work environment hostile or abusive.

Pl's Instruction No. 19
7th Cir. P.I. 3.04 (modified)
Committee Comment c.

If you find the Plaintiff has proven he was harassed at work due to his race, the Defendant must prove by a preponderance of the evidence that Defendant took reasonable steps to correct the situation or prevent the harassment from recurring.

If you find that Defendant has proved this by a preponderance of the evidence then you must find for Defendant.  However, if Defendant did not prove by a preponderance of the evidence each of the things required of it, then you must find for Plaintiff.

Pl's Instructions No. 20

In regard to Plaintiff's second claim, Plaintiff must prove by a preponderance of the evidence that his race and/or his complaining about the harassment was a motivating factor in Defendant's decision to deny him employment as a ready mix truck driver.  A motivating factor is something that contributed to Defendant's decision.

If you find that Plaintiff has proved that his race and/or his complaining about the harassment contributed to Defendant's decision to deny Plaintiff a position as a ready mix truck driver, you must then decide whether Defendant proved by a preponderance of the evidence that it would have denied him that position even if Plaintiff was not African American and/or had not complained about the harassment.  If so, you must enter a verdict for the Plaintiff but you may not award him damages.

Pl's Instruction No. 21
7th Cir. P.I. 3.01
Modified

If you find that Plaintiff has proved any of his claims against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.  Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

Pl's Instruction No. 22
7th Cir. P.I. 3.09

In regard to Plaintiff's two claims, you may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The physical, mental, and mental/emotional pain and suffering and disability that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

Pl's Instruction No. 23
7th Cir. P.I. 3.10

If you find that the defendant's conduct was willful and wanton and proximately caused injury to the plaintiff, and if you believe that justice and the public good require it, you may, in addition to any other damages to which you find the plaintiff entitled, award an amount which will serve to punish the defendant and to deter the defendant and others from similar conduct.

Pl's Instruction No. 24
I. P. I. 35.01

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate forms.

Pl's Instruction No. 25
7th Cir. P.I. 1.32

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against a party, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Pl's Instruction No. 26
7th Cir. P.I. 1.34

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Pl's Instruction No. 27
7th Cir. P.I. 1.33

**Harassment Based on Race**

### VERDICT FORM A

We, the jury, find for Lawrence Barbee and against Christy-Foltz. We assess compensatory damages in the sum of $_____ and punitive damages in the sum of $_____.

Foreperson:_____

Dated:_____

**Harassment Based on Race**

**VERDICT FORM B**

We, the jury, find for Christy-Foltz and against Lawrence Barbee.

Foreperson:_____

Dated:_____

**Discrimination–Failure to put in ready mix truck driver position**

## VERDICT FORM C

We, the jury, find for Lawrence Barbee and against Christy-Foltz.  We assess compensatory damages in the sum of $_____ and punitive damages in the sum of $_____.

Foreperson:_____

Dated:_____

**Discrimination–Failure to put in ready mix truck driver position**

## VERDICT FORM D

We, the jury, find for Christy-Foltz and against Lawrence Barbee.

Foreperson:_____

Dated:_____