UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| LAWRENCE C. BARBEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 09-CV-2056 |
| | ) | |
| CHRISTY - FOLTZ, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR ATTORNEY FEES AND COSTS

### I. Procedural Background

Following a jury trial on October 21, 2010, this Honorable Court entered judgment in favor of Plaintiff and against Defendant in the amount of $22,500.00.  The jury held that Defendant harassed Plaintiff because of his race and awarded him $10,000.00 in compensatory damages and $12,500.00 in punitive damages.  Plaintiff did not prevail on his Title VII count related to the failure of the Defendant to place him in the ready mix truck driver position.

### II. Plaintiff is Entitled to Reasonable Attorney Fees

Absent very unusual circumstances, a prevailing plaintiff in a Title VII case in entitled to reasonable attorney fees and costs.  Christiansburg Garment Co. V. EEOC, 434 U.S. 412, 417 (1978).  A plaintiff "prevails" if he or she succeeds on any significant issue in the case and the recovery is more than nominal.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Counsel for a prevailing party should be paid in the same manner as if the attorney was being paid by a

traditional paying client - for all time reasonably spent on the matter.  Blanchard v. Bergeron, 489 U.S. 87, 91 (1989).

More specifically, because of all the claims in this case involved a common core of facts, Plaintiff's counsel is entitled to fees on all reasonable hours worked on the entire case to include time spent on the unsuccessful claim.  Zabkowicz v. West Bend Co., Div. of Dart Industries, Inc., 789 F.2d 540, 551 (7th Cir. 1986).

Plaintiff believes the opinion of the Supreme Court in City of Riverside v. Rivera, 477 U.S. 561, 106 S.Ct. 2686 (1986), is important to consider as to the award of attorney fees for it sets forth the intent of fee shifting in civil rights cases.

In Rivera the Supreme Court reviewed the factors it had established in the awarding of attorney fees in Hensley v. Eckerhart, 461 U.S. 424 (1983), and wrote:

> Hensley stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." id., at 433.  This figure, commonly referred to as the "lodestar," is presumed to be the reasonable fee contemplated by Section 1988.

The Supreme Court then said:

> As an initial matter, we reject the notion that civil rights action for damages constitutes nothing more than a private tort suit benefitting only the individual plaintiffs whose rights were violated. Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.  See Carey v. Piphus, 435 U.S. 247, 266 (1978).  And, Congress has determined that "the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in Section 1988, over and above the

value of a civil rights remedy to a particular plaintiff..."

Hensley, 461 U.S., at 444, n.4 (BRENNAN, J., concurring in part and dissenting in part). Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damage awards...

In addition, the damages a plaintiff recovers contributes significantly to the deterrence of civil rights violations in the future...

Congress expressly recognized that a plaintiff who obtained relief in a civil rights lawsuit "does so not for himself alone but also as a 'private attorney general,' vindicating the policy that Congress considered of the highest importance." House Report, at 2 (quoting Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968)). "If the citizen does not have the resources, his day in court is denied him; the congressional policy which seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers." 122 Cong. Rec. 33313 (1976) (Remarks of Sen. Tunney).

Because damages awards do not reflect fully the public benefit like most private law cases, to depend on obtaining substantial monetary relief. 106 S.Ct. at 2694-2695.

Congress enacted Section 1988 specifically because it found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process. See House Report, at 3. These victims ordinarily cannot afford to purchase legal services at the rates set by the private market. See id., at 1 ("[because a vast majority of the victims of civil rights violations cannot afford legal counsel, they are unable to present their cases to the courts"); ... 106 S.Ct. at 2694-2695 (emphasis added).

As noted in the affidavits of Attorneys Leahy, Lee, and Draper, there is concern among the Plaintiffs' employment bar that younger attorneys are simply not willing to take on a Plaintiff's employment discrimination case. Attorney Leahy can name only twelve attorneys in the entire Central District who represent Plaintiffs in these types of cases and some of those handle such cases on a sporadic basis. Over the last twelve years Attorney Leahy has tried to have younger attorneys co-counsel with her but they are not interested - or not interested after one case. This is based on the fact Plaintiffs' attorneys are usually paid <u>only</u> if the Plaintiff prevails. Payment of fees and costs are, therefore, long delayed. This is a very real concern that Congress' intent in passing fee shifting statutes may not be being met. Therefore, when a Plaintiff prevails reasonable attorney fees must be awarded.

The Court of Appeals for the Seventh Circuit considered the award of fees in <u>Jaffee v. Redmond,</u> 142 F.3d 409 (7th Cir. 1998). The District Court had denied attorney fees on the psychiatrist privilege issue because the Plaintiff had lost on that issue in the Seventh Circuit and in the Supreme Court. The Seventh Circuit reversed the denial of fees on the "losing" issue holding:

> This is not an appropriate justification for denying fees; it conflicts with Supreme Court and Circuit precedent and, additionally, creates incentives that are in tension with the tenets of professional responsibility...142 F.3d @ 413.

The Court reaffirmed that time spent on unsuccessful claims should be compensated if the claims are interrelated or if that work contributed to the success on other claims.

The Court recognized:

> For tactical reasons and out of caution lawyers often try to state their client's claim in a number of

> different ways, some of which may fall by the wayside as the litigation proceeds. The lawyer has no right to advance a theory that is completely groundless or has no factual basis, but if he presents a congeries of theories each legally and factually plausible, he is not to be penalized just because some or even all but one, are rejected, provided that the one or ones that succeed give him all that he reasonably could have asked for. 142 F.3d @ 414.

In this case the Court gave the mixed motive jury instruction as to Plaintiff's claim as to the denial of the ready mix truck driver position. If the Plaintiff had prevailed he would not have received any lost salary damages.

In Enoch v. Tienor, 570 F.3d 821 (7th Cir. 2009), the Court held the Plaintiff's claimed damage figure should not be held against Plaintiff in calculating fees. It is simply irrelevant.

In Sottoriva v. Claps, 09-1311 (7th Cir. 2010), the Plaintiff received only injunctive relief. The District Court apparently cut the attorney fee award by 67% because Plaintiff had prevailed on one of three claims. Citing Hensley, *supra*, 461 U.S. @435, the Seventh Circuit held "to be sure, a Plaintiff need not prevail on every claim or legal theory to receive fully compensatory attorney's fees." If the District Court is going to reduce the requested fees it must give detailed reasons as to why it is doing so.

The loadstar method is the starting point to determine reasonable fees. Blanchard v. Bergeron, 489 U.S. 87, 94 (1989). In this case, Attorney Leahy's reasonable hourly rate is $350.00 and Attorney Quivey's reasonable hourly rate is $300.00.

The costs claimed are primarily court reporter fees for the depositions, the treating psychologist's fees and the expert witness fees.

In this case Attorney Leahy is claiming $350.00 per hour. Years ago Attorney Leahy was awarded $300.00 per hour by this Court in <u>Hathaway v. IDOT</u>, No. 95-2045 (C.D. Il.) and in <u>Owens v .ADM</u>, No. 94-C-2173 (C.D. Il.).

Furthermore, Attorney Leahy's experience justifies the hourly rate of $350.00. (See Attorney Leahy's affidavit and affidavits filed in support of the fees petition.) Attorney Quivey's experience more than justifies a $300.00 hourly rate for him.

Delay in receiving fees justified awarding the current hourly rate for all work done. <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 109 S.Ct. 2463 (1989). In <u>McPherson v. School District 186</u>, 465 F.Supp. 749, 759 (S.D. Il., 1978), the Court said that compensation at present rates accounts for two factors:

> First, rising overhead and expenses have forced attorneys to increase their fees over the past four years and second, increasing inflation has reduced the purchasing power of the dollars earned in a prior year but not received until the present. 585 F.Supp. @ 816.

Attorney Leahy has been working on this case for 2 and ½ years, but has not yet received payment of fees. Therefore, the current rates are appropriate.

In <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), the Court used several factors in analyzing the fee request in a civil rights case including the effect on the attorney's practice. Although this is an "old" case the principles are still valid.

As to the factors outlined in the <u>Johnson</u> case,

1.   The attorney has documented the <u>time and labor</u> devoted to this case. That time and labor was necessary and is low due to experience.

2.   As to <u>difficulty</u>, all employment discrimination cases are difficult.

3. The attorneys believes their <u>skill</u> was needed to achieve the result and that kept the hours down.

4. As to <u>preclusion of other employment</u>, taking this case meant Attorney Leahy and Attorney Quivey could not take other cases including hourly billable cases with timely payment.

5. The <u>customary fee</u> has been discussed.

6. Based on case law Leahy Law Offices can collect only a <u>fixed hourly fee</u> but the retainer agreement with the Plaintiff was primarily contingent in nature for the attorneys could recover fees and costs from the other side only if the Plaintiff prevailed.

7. There were no <u>time limitations</u> imposed by the client but there was a time crunch in terms of preparation for trial as is true for any serious trial work.

8. The <u>results</u> obtained were good - particularly due to the award of punitive damages which sends a strong message to all employers as to policy, training and investigation. As importantly the total award exceeds Plaintiff's gross pay in his highest earning year at Defendant. ($22,500.00 v. $21,489.26 (Defendant's Trial Exhibit 22))

9. The attorney's <u>experience</u>, etc. is set forth in great detail in the attorneys' affidavit.

10. The <u>undesirability</u> of the case. In her Affidavit Attorney Leahy details the problems inherent in employment cases in general and explains why there is a real problem attracting competent attorneys to enforce basic rights.

11. The attorney's affidavit and the detailed billing explains the <u>nature and duration of the relationship with the client</u>.

The attorneys have detailed all the work put in on this case and have detailed the costs incurred.

This Court should conclude the hourly rates are reasonable and that the time included in the fee petition contributed to the overall success of the Plaintiff.

### III. CONCLUSION

Plaintiff respectfully prays he be awarded the fees and costs requested.

                Respectfully submitted,

                S/ Mary Lee Leahy
                Mary Lee Leahy, 1599534
                LEAHY LAW OFFICES
                308 East Canedy
                Springfield, IL  62703
                (217) 522-4411
                Leahylaw@ameritech.net

                S/ Douglas J. Quivey
                Douglas J. Quivey
                Londrigan Potter & Randle PC
                1227 S. Seventh St.
                Springfield IL  62705
                (217) 544-9823
                Doug@lprpc.com

E:\Barbee.MemoOfLawInSupportofPetforAttyFees&Costs.wpd