UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAWRENCE C. BARBEE,

                                Docket No. 09-2056

            Plaintiff,

    vs.                         Urbana, Illinois
                                October 21, 2010

CHRISTY-FOLTZ, INC.,

            Defendant.

EXCERPT FROM JURY TRIAL -- Day 4 of 4

BEFORE THE HONORABLE DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S :

 For the Plaintiff:        MARY LEE LEAHY, ESQUIRE
                           Leahy Law Offices
                           308 East Canedy
                           Springfield, Illinois  62703
                           (217) 522-4411

                           DOUGLAS J. QUIVEY, ESQUIRE
                           Londrigan, Potter & Randle, P.C.
                           1227 South Seventh Street
                           P.O. Box 399
                           Springfield, Illinois  62705
                           (217) 544-9823

 For the Defendant:        R. SAMUEL POSTLEWAIT, ESQUIRE
                           Winters, Featherstun,
                           Gaumer, Kenney, Postlewait,
                           Stocks & Flynn
                           225 N. Water St., Suite 200
                           Decatur, Illinois  62525
                           (217) 429-4453

 Court Reporter:           LISA KNIGHT COSIMINI, RMR-CRR
                           U.S. District Court
                           201 South Vine, Suite 344
                           Urbana, Illinois 61802

Proceedings recorded by mechanical stenography; transcript
produced by computer.

```
 1                    (In open court; jury absent, 8:40 a.m.)

 2            THE COURT:  Good morning.

 3            Hope everyone got a good night's sleep, well

 4   rested, energized, and ready to wrap this up today.

 5            We did get the email with the instructions, and

 6   I think everything's, technically speaking -- you know,

 7   we have what we need.  I attempted to print out the

 8   revised verdict forms.  One -- you know, "print current

 9   page," I did that four times, went to the printer, and

10   hit Plaintiff's Instruction Number 1 four times.  So I'm

11   apparently still computer-challenged.  Fortunately, we do

12   have other people in the chambers that know how to get

13   those printed off for us.

14            So with that confession of ineptitude, we'll

15   move on.

16            We'll go through the, go through the

17   instructions now on the record.  We did have an informal

18   session yesterday, which I found very helpful.  So I

19   appreciate counsel's cooperation in, you know, that.

20            I do note Mr. Barbee is not present.  I'll wait

21   for him if --

22            MS. LEAHY:  No, Your Honor.  We told him that

23   he could come when the jury came in, that he did not have

24   to -- that this was technical and --

25            THE COURT:  That's fine.  I just didn't want to
```

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056      3

1  be discourteous, if he was on the way, and start without

2  him.  That's fine.

3          All right.  Let's start with Plaintiff's

4  Instruction Number 1, do you have any objection?

5          MR. POSTLEWAIT:  No, Your Honor.

6          THE COURT:  All right.  That will be given.

7          Plaintiff's 2 and 3, according to my notes from

8  yesterday, were withdrawn.

9          MS. LEAHY:  That is correct, Your Honor.

10          THE COURT:  Plaintiff's 4, any objection?

11          MR. POSTLEWAIT:  No.

12          THE COURT:  That will be given.

13          Plaintiff's 5.

14          MR. POSTLEWAIT:  No objection.

15          THE COURT:  Given.

16          Plaintiff's 6 was going to be modified, and I

17  haven't looked at it; but I think it's, we have it in its

18  corrected form.  And, Mr. Postlewait, have you seen it

19  as, as modified?

20          MR. POSTLEWAIT:  No.  I have not.  But if it is

21  as we discussed, I would have no objection to that.

22          THE COURT:  All right.  We'll give it as, as

23  modified.

24          And Number 7, I think we have the same

25  situation.  It was going to be modified.  Any

```
 1   objection --

 2              MR. POSTLEWAIT:  No, not --

 3              THE COURT:  -- as modified?

 4              MR. POSTLEWAIT:  -- as modified.

 5              THE COURT:  Given.

 6              Plaintiff's 8, regarding notes.

 7              MR. POSTLEWAIT:  No objection.

 8              THE COURT:  Given.

 9              Plaintiff's 9, that was to be modified,

10   changing the word "weight" to "weighing."

11              MS. LEAHY:  Your Honor, I believe that's 10.

12              THE COURT:  You are correct.  Something's stuck

13   here.

14              Number 9.

15              MR. POSTLEWAIT:  No objection.

16              THE COURT:  Given.

17              And now Number 10, as modified.

18              MR. POSTLEWAIT:  No objection as modified.

19              THE COURT:  All right.  Given.

20              Plaintiff's 11.

21              MR. POSTLEWAIT:  No objection.

22              THE COURT:  Given.

23              Plaintiff's 12.

24              MR. POSTLEWAIT:  No objection.

25              THE COURT:  Given.
```

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1          Plaintiff's 13.

2          MR. POSTLEWAIT:  No objection.

3          THE COURT:  Given.

4          Plaintiff's 14.

5          MR. POSTLEWAIT:  No objection.

6          THE COURT:  That will be given.

7          Plaintiff's 15.

8          MR. POSTLEWAIT:  No objection.

9          THE COURT:  Given.

10          I believe Plaintiff's 16 was withdrawn.

11          MS. LEAHY:  That's correct, Your Honor.

12          THE COURT:  All right.  And then Plaintiff's

13    17.

14          MR. POSTLEWAIT:  No objection.

15          THE COURT:  And that will be given.

16          Plaintiff's 18.

17          MR. POSTLEWAIT:  This is one we had an

18    objection.

19          THE COURT:  You do have an objection.  Go ahead

20    and state your objection, please.

21          MR. POSTLEWAIT:  Your Honor, the Seventh

22    Circuit Pattern Instruction 3.04, in which I believe is

23    applicable to this case, shows seven elements, which

24    Plaintiff's counsel and this Instruction Number 18 only

25    offers six of them, the first six, but leaves out the

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056                    6

1    seventh:  that "Defendant did not take reasonable steps

2    to correct the situation or prevent the harassment from

3    recurring."

4              Under the law, I believe that this pattern

5    instruction is correct.  We've offered the Porter v. Erie

6    Foods International, Inc., 576 F.3d 629, as the authority

7    in support of our position that the Plaintiff has the

8    burden on all seven elements and that simply because we

9    have referenced -- that we did take reasonable steps in a

10   pleading couched as an affirmative defense, given the

11   notice pleading involved in Federal Court, does not

12   change the law.  It's Plaintiff's burden, and I believe

13   in opposition, objection to Plaintiff's Number 18,

14   Defendant Number 7 is the appropriate instruction.

15             THE COURT:  Thank you.

16             Response on behalf of Plaintiff?

17             MS. LEAHY:  Your Honor, the defendant took on

18   the burden of proving that they took reasonable action

19   when they pled the affirmative defense.

20             THE COURT:  All right.  Any authority for that

21   proposition?

22             MS. LEAHY:  Your Honor, I just thought it was

23   so fundamental that when they plead an affirmative

24   defense they have that burden.

25             THE COURT:  All right.  Well, I would disagree.

1   I don't think that the defendant can change the law as

2   Judge Ripple told us in the <u>Porter</u> case.  I'm quoting now

3   from the opinion, "Specifically, when a plaintiff, like

4   Mr. Porter" -- now there's a quote within the quote --

5   "'claims coworkers alone were responsible for creating a

6   hostile work environment, he must show that his employer

7   has been negligent either in discovering or remedying the

8   harassment.'"

9           And I don't think that, whether it was a

10  mistake or just an exercise of abundance of caution, that

11  by pleading it as an affirmative defense you can change

12  the law and shift the clear burden from the plaintiff.

13          So I will sustain the objection.

14          MR. QUIVEY:  Your Honor, just for purposes for

15  the record very quickly, can I add something?

16          THE COURT:  Okay.

17          MR. QUIVEY:  I believe that quote from, from

18  <u>Porter</u> that you just read referenced when co-employees

19  alone caused the harassment; and I don't believe that's

20  the situation here.

21          I think the employer also caused the harassment

22  in conjunction, managerial employees along with

23  coworkers.  So I think it is an affirmative defense.  And

24  I just wanted that stated for purposes of the record.

25          MS. LEAHY:  And, Your Honor, that would be

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1   based on the Ellerth/Faragher Supreme Court affirmative

2   defense.

3              THE COURT:  All right.  And it's, it's in the

4   record.  I've not seen anything in this case that, that

5   would support that.  This case has been about whether

6   this company is liable for the alleged misconduct of its

7   employees by failing to act.

8              So we'll go with Defendant's 7 and sustain the

9   objection to Plaintiff's 18.

10             Let's go ahead and, and -- 20 is implicated in

11  this, but let's go ahead and look at Plaintiff's 19.

12             MR. POSTLEWAIT:  No, no objection to 19;

13  however, I did think that the ameliorating instruction

14  from 3.04 should also be given; and I think we discussed

15  whether or not that would be included on the same

16  instruction or not.

17             THE COURT:  So 19 will be given.

18             And 20 -- I think the same discussion that we

19  just had applies to 20 because I understand that

20  Plaintiff submitted 20 as a Plaintiff's point of view, an

21  obvious corollary -- that's probably not the right

22  word -- but, to their 18.  If we'd given 18, we would

23  need to give 20.  So on the same basis, I'm understanding

24  from yesterday --

25             MR. POSTLEWAIT:  Correct.

1          THE COURT:  -- you have an objection.

2          MR. POSTLEWAIT:  Yes.

3          THE COURT:  And we'll let you make any

4    additional record if you'd like, but I'm not giving 20.

5          MR. POSTLEWAIT:  No.  Simply Plaintiff's

6    Instruction Number 20 was setting out the burden of proof

7    to the defendant to prove what's element number 7 on

8    Plaintiff's -- or what should be element -- or element

9    number 7 on Defendant's Instruction 7:  "The defendant

10   did not make reasonable steps to correct the situation

11   and prevent the harassment from recurring."  We've cured

12   that problem.

13         THE COURT:  All right.  And on behalf of

14   Plaintiff, any additional --

15         MS. LEAHY:  Your Honor, our argument would be

16   the same as we made as to 18.

17         THE COURT:  All right.  Very well.  Thank you.

18   And sustain the objection to, to 20.

19         And Plaintiff's 21.

20         MR. POSTLEWAIT:  We have objection to

21   Plaintiff's 21 and have offered Defendant's Instruction

22   Number 3 and Defendant's Instruction Number 6 in the

23   alternative, using the, the Seventh Circuit pattern

24   instruction language, 3.02.

25         THE COURT:  All right.  Plaintiff, response?

1        MS. LEAHY:  Your Honor, we simply comply --

2    excuse me, combine the two claims, race and/or his

3    complaining about the harassment contributed to the

4    decision.

5        MR. QUIVEY:  If I may add, too, just to -- Your

6    Honor, I also believe that mixed motive has been raised

7    by the evidence when Mr. Grigg -- there's testimony that

8    conflicts as to the exact reason why Mr. Barbee was not

9    given the ready mix position, which raises a mixed motive

10   issue and that through Committee Note (c) of the

11   instruction I believe is the proper instruction in this

12   situation.

13       THE COURT:  And I agree exactly with what you

14   just said; and so I will overrule the objection, and we

15   will give Plaintiff's 21.

16       Plaintiff's 22.

17       MR. POSTLEWAIT:  No objection.

18       THE COURT:  Given.

19       Plaintiff's 23.

20       MR. POSTLEWAIT:  No objection if the disability

21   was removed as we discussed yesterday.

22       THE COURT:  And I think that it hasn't been on

23   the one we got.

24       MS. LEAHY:  It was not.

25       THE COURT:  So we can, we can do that

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1  downstairs as long as you're still willing to drop that.

2          MS. LEAHY:  Oh, yes, Your Honor.

3          THE COURT:  We'll, we'll make that change

4  downstairs, and then it will be given.

5          Plaintiff's 24.

6          MR. POSTLEWAIT:  This is the punitive

7  damages --

8          THE COURT:  Yes.

9          MR. POSTLEWAIT:  -- instruction, Your Honor,

10 and we do object to that.  They're citing the Illinois

11 Pattern Instruction which has no place under federal law;

12 and we submit that the Seventh Circuit Pattern

13 Instruction 3.13 is the appropriate instruction, which

14 has been offered as Defendant's Instruction Number 4.

15         THE COURT:  All right.  Response from

16 Plaintiff.

17         MS. LEAHY:  Your Honor, we think that the IPI

18 instruction is very succinct, states it very clearly in

19 language that could be understood.  We do not understand

20 that the Court is bound to give the Seventh Circuit

21 instruction, that it's advisory.  And we believe that

22 Plaintiff's Instruction 24 states it -- I'm sorry to say

23 in, not in following the Seventh Circuit -- but in terms

24 that are much simpler and easier for the jury to

25 understand.

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

12

```
 1          THE COURT:  There's certainly nothing wrong

 2   with using the IPI.  We certainly do that; and our

 3   distinguished -- esteemed colleague, Judge Baker, of

 4   course, has played a key role in those instructions over

 5   the years.  And you're correct; we're not bound by the

 6   Seventh Circuit Pattern Instructions.

 7          In this particular case, even though the IPI is

 8   more succinct, I think the other one is a better

 9   explanation of the law as it applies in this situation.

10   So I'll sustain the objection, and we won't give that

11   one.

12          And Number 25, I think that one was one that,

13   after some discussion, you agreed to change the, the

14   instruction to allow for all jurors to sign.  So as, as

15   modified --

16          MR. POSTLEWAIT:  Correct.  We had -- I think we

17   had offered an alternate instruction.

18          MS. LEAHY:  Yes, Your Honor.  I thought it was

19   the alternate.

20          MR. POSTLEWAIT:  Defendant's Instruction Number

21   5.

22          THE COURT:  You're correct.  So we will sustain

23   the objection.

24          MS. LEAHY:  Your Honor, I would have one thing

25   to note.  His version includes "and date the appropriate
```

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1   form," and I think -- when I left here last night, I

2   thought the verdict form was not going to have a line for

3   the date.

4           THE COURT:  That's --

5           MS. LEAHY:  So this would have to be modified.

6           THE COURT:  I'll make a note, because we did

7   discuss that, and I think we were in agreement that it

8   was unnecessary.  The Clerk's Office will date-stamp the

9   verdict when it comes in.  So we will modify but use

10  Defendant's 5 and not Plaintiff's 25.

11          Plaintiff's 26.

12          MR. POSTLEWAIT:  No objection.

13          THE COURT:  Given.

14          And Plaintiff's 27.

15          MR. POSTLEWAIT:  No objection.

16          THE COURT:  Given.

17          And then the verdict forms that the plaintiff

18  had tendered have been modified, and you still may have

19  some objection.  So we can hear that objection.

20          MR. POSTLEWAIT:  I have not -- I don't think

21  I've seen the verdict forms that have been tendered as

22  modified.

23          THE COURT:  Okay.  Do we have a paper -- that's

24  what I was trying to print downstairs and --

25          MR. POSTLEWAIT:  Okay.

```
 1            THE COURT:  -- failed miserably.

 2            MR. QUIVEY:  I can say the way they were

 3  supposed to be modified was just by adding the lines of

 4  the verdict form.

 5            MS. LEAHY:  And removing the dated line.

 6            MR. POSTLEWAIT:  Did we leave in the word

 7  "foreperson"?  Do you know?

 8            MS. LEAHY:  I left it in.

 9            THE COURT:  I think so.

10            MR. POSTLEWAIT:  Okay.

11            THE COURT:  That's what I recall.  The first

12  signature line says "foreperson," and then there's four

13  below that and five lines just immediately opposite on

14  the right.

15            MR. POSTLEWAIT:  I did revise Verdict Form B

16  and D to be consistent with what you just described, --

17            THE COURT:  All right.

18            MR. POSTLEWAIT:  -- in the event you're having

19  any trouble getting it printed.

20            THE COURT:  Okay.  I think people with skills

21  will have no trouble getting it printed.

22            I'm going to give, then, or use the verdict

23  forms submitted by Plaintiff after our discussion

24  yesterday, which have the ten signature lines and no

25  date.
```

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1          And I believe those were the only Defendant's

2     instructions.  So let's -- I'm sorry, Plaintiff's

3     instructions.

4          Let's turn to the defendant's instructions.

5     Number 1, any objection to 1?

6          MS. LEAHY:  No, Your Honor.

7          THE COURT:  It will be given.

8          Number 2, there was an objection, and I think

9     that's what you referred to earlier, Mr. Postlewait, the,

10    the Committee Comment (d) paragraph.  We'd given the

11    Committee Comment (c) paragraph, the IPI -- I'm sorry,

12    Seventh Circuit Pattern Instruction 3.04, and you think

13    we should also give the (d), and there's an objection?

14         MR. POSTLEWAIT:  Yes.  And I think we should be

15    giving the (d) because there is testimony in this case,

16    particularly with reference to Mr. Roberts' comment to

17    Mr. Barbee, that they had joked before.  He essentially

18    meant it as a joke, did not mean anything by it.  There

19    is some testimony that the coworkers at times used

20    racially derogatory language on, in some circumstances

21    that -- but it was always in a, a joking manner, and I

22    think that's what this instruction is, is getting at:

23    that occasional horseplay or jokes, that type of thing,

24    are not to be considered a hostile environment.

25         THE COURT:  Plaintiff's response.

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1        MS. LEAHY:  Well, Your Honor, first of all, as

2   to Mr. Roberts, the defendant obviously didn't think it

3   was a joke because they suspended Mr. Roberts for five

4   days; and if that's what they want to argue now -- I

5   mean, the defendant took action that was contrary to the

6   position they're taking on this instruction.

7        THE COURT:  I think there's, there's evidence

8   in the record, depending on which witnesses are believed,

9   that this sort of thing did go on.  There's a suggestion

10  that the plaintiff himself engaged in it, which he, of

11  course, has denied.  But that's for the jury to decide.

12  We'll give that over your objection.

13       Now, do you have any clean copies of your

14  instructions, Mr. Postlewait?

15       MR. POSTLEWAIT:  Yes, I do.

16       THE COURT:  Okay.  I'll need those when, when

17  we get done with this.

18       Number 3.

19       MS. LEAHY:  Your Honor, I think 3 and 6 were

20  offered as an alternative to ours.  You accepted a mixed

21  motive instruction, and so these should be denied.

22       THE COURT:  I agree, but I --

23       MR. POSTLEWAIT:  I think that's a fair

24  representation.

25       THE COURT:  All right.  And do you have any

17

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1    supplemental argument; or is your argument on the, on the

2    Plaintiff's 21 enough?

3              MR. POSTLEWAIT:  The argument on 21 was enough.

4    I'm just offering the, the pattern instruction.  I

5    understand the Court's ruling.

6              THE COURT:  All right.  So we'll sustain the

7    objection, and we'll not give Defendant's 3.

8              Defendant's 4 is the, the Defendant's punitive

9    damage; and, of course, I've alluded to the fact that I

10   think for this case it's a better instruction.  But I'll

11   let you make any additional argument for the record that

12   you wish to make in objection.

13             MR. QUIVEY:  Can we have a moment, Your Honor?

14             THE COURT:  Sure.

15             (Brief pause in proceedings.)

16             MS. LEAHY:  Your Honor, we're looking at the

17   pattern instruction, which Mr. Quivey has just pointed

18   out to me, that in 3.13 on punitive damages, the Seventh

19   Circuit suggestions bracket the third paragraph; and we'd

20   believe that the third paragraph should not be given.

21             THE COURT:  All right.  It is bracketed and --

22             MS. LEAHY:  It deals with the actions of

23   managerial employees; and, Your Honor, we're dealing

24   mainly with inaction of managerial employees.

25             Your Honor, the standard is that they acted in

1 reckless disregard, and that's in the second paragraph,

2 Your Honor.

3             THE COURT:  All right.  Any response?  And the

4 objection at this point is specifically to the inclusion

5 of the third paragraph, which is materially in brackets.

6             MS. LEAHY:  And --

7             THE COURT:  Go ahead.

8             MS. LEAHY:  And, Your Honor, I would further

9 point out that they're giving the jury in that third

10 paragraph the ability to determine whether Grigg was a

11 managerial employee and the kind of discretion, et

12 cetera.

13             In that stipulation that you read to the jury,

14 it was agreed he was a managerial employee acting within

15 the scope of his employment at all times.  So it's not

16 for the jury to decide.  We've stipulated to that.

17             MR. POSTLEWAIT:  We would have no objection to

18 a modification of that then.  We understand we've --

19 we've freely stipulated that he is a managerial employee.

20 But I think under the, under the law, that in order to

21 impute the acts of a manager or an employee to the

22 corporation for purposes of punitive damages, it needs to

23 be managers, officers.  Someone with managerial authority

24 is, is the authority.

25             MS. LEAHY:  Your Honor, it is not that the

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1    managerial authority has to act.  The instruction that

2    they gave, with the addition of number 7, inaction and

3    the contact of the coworkers then can stand for punitive

4    damages against the employer.

5            So this paragraph should come out based on

6    several reasons and particularly our stipulation.

7            THE COURT:  The only way that I think in this

8    case, on this evidence, the only way the defendant can be

9    held liable for the harassment is through its failure to

10   act.  And the only way that they're subjected potentially

11   to punitive damages:  If that failure to act was in

12   reckless disregard of Plaintiff's rights.  So I think we

13   all have a dispute with what I just said in various ways

14   and various subparts.

15           But having said that, I will tell you I kind of

16   wrestled with that paragraph when I looked at this last

17   night.  I think that since paragraph 2 is in, paragraph 3

18   does not need to be in.  If anything, it may create

19   confusion rather than help the jury.

20           So we're going to give -- so I'm going to

21   sustain the objection, not to the giving of the

22   instruction, but I'll sustain the objection to the

23   inclusion of the third paragraph and give it with that

24   bracketed paragraph excluded.  So -- and I think that's a

25   change we can easily make downstairs.

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1           All right, then, that takes us to Defendant's

2  5.  I think you'd earlier indicated that with the, with

3  the "and date" language deleted that you had no

4  objection?

5           MS. LEAHY:  Yes, Your Honor.

6           THE COURT:  All right.  We will, we will make

7  the change and get that one.

8           And Number 6 we've previously discussed.  Any

9  further argument for the record on 6?

10          MR. POSTLEWAIT:  No.  It would be the same as I

11 previously indicated for Defendant's Instruction 3.

12          MS. LEAHY:  Your Honor, this goes to the mixed

13 motive instruction you've given.

14          THE COURT:  Right.  So and I will sustain the

15 objection and not give that because we've already

16 indicated we'll use the other -- the Plaintiff's version.

17          All right.  I don't have any others.

18          If I can get clean copies of the -- I have

19 clean copies of the, of the plaintiff's.  If I can get

20 clean copies of the defendant's that we're using, that

21 would be good, and I will.

22          MS. LEAHY:  Excuse me, Your Honor.  You would

23 not have a clean copy of the ones that were modified,

24 that we --

25          THE COURT:  That you modified?

BARBEE v. CHRISTY-FOLTZ, INC., Case No. 09-2056

1           MS. LEAHY:  Yes.

2           THE COURT:  I can print those downstairs, I

3   think.  You don't have a clean copy with you?

4           MS. LEAHY:  No, Your Honor.

5           THE COURT:  And you don't need to because you

6   were kind enough to email them, and I'm sure we can print

7   them off.

8           Okay.  Anything else as far as the jury

9   instructions?

10          MS. LEAHY:  Not from the plaintiff's side, Your

11   Honor.

12          THE COURT:  Okay.  From the defense?

13          MR. POSTLEWAIT:  No, Your Honor.

14          THE COURT:  All right.

15

16           * * * * * * * * * *

17

18           <u>REPORTER'S CERTIFICATE</u>

19      I, LISA KNIGHT COSIMINI, RMR-CRR, hereby certify

20   that the foregoing is a correct transcript from the

21   record of proceedings in the above-entitled matter.

22          Dated this 10th of November, 2010.

23

24              s/Lisa Knight Cosimini
                Lisa Knight Cosimini, RMR-CRR

25                Illinois License # 084-002998