UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| LAWRENCE C. BARBEE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No.  09-2056 |
| CHRISTY-FOLTZ, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER

In March 2009, Plaintiff Lawrence C. Barbee field a Complaint (#1) against his employer, Defendant Christy-Foltz, Inc.  Plaintiff brought suit under Title VII seeking damages for harassment based on race and for retaliation.  In October 2010, after a four-day trial, a jury found Defendant liable for harassment, but not for retaliation.  The jury awarded Plaintiff compensatory damages in the sum of $10,000, and punitive damages in the sum of $12,500.

In November 2010, Plaintiff filed a Petition for Attorney Fees and Costs (#60). Defendant filed Defendant's Objections and Response to Plaintiff's Petition for Attorney's Fees and Costs (#69).  For the reasons below, the Court awards Plaintiff attorney fees and costs in the amount of $90,547.65.  In addition to this amount, Plaintiff has filed Plaintiff's Motion to Supplement Petition for Attorney Fees (#72), seeking an additional $6,806.62.  For the reasons below, the Court GRANTS Plaintiff's motion (#72) and awards Plaintiff the amount requested.

## I. Background

In March 2009, Plaintiff filed suit against his employer, Defendant Christy-Foltz, Inc., seeking damages for harassment based on race and for retaliation.  Defendant is a closely held family corporation located in Decatur, Illinois.  Christy-Foltz, Inc. created and owns another business entity known as Grohne Concrete Products (hereinafter "Grohne"). At the relevant time, in Fall 2007, Plaintiff worked as a truck driver for Grohne, hauling materials to construction sites.  Grohne employs approximately 15 truck drivers, who report to Grohne's plant office throughout the day to submit paperwork and receive delivery assignments.

The following facts are taken from the evidence presented at trial, with inferences made in favor of Plaintiff. With respect to allegations of harassment, Plaintiff presented evidence that a co-worker had called him a "nigger," and that other co-workers had made inappropriate remarks about race in his presence. Shortly after Plaintiff complained to management about these incidents, and two employees were suspended for using the word "nigger," Plaintiff found two nooses in the workplace. Plaintiff's on-site manager, Ronald Grigg, concluded that the nooses had been present in the batch plant for years, and were not placed with an intention of harassing plaintiff. In the months that followed, Plaintiff felt that he was isolated in the workplace. Several of his co-workers testified at trial that they did not speak with Plaintiff because they were afraid Plaintiff would take their comments the wrong way. Throughout these events, Defendant failed to act to remedy the situation, despite Plaintiff's requests for counseling and other assistance. With respect to allegations of retaliation, Plaintiff claimed that, as a result of these events, he was denied an opportunity to transfer from his position as a "material hauler" to a "ready-mix truck driver," a position that would have higher compensation. After a four-day trial, a jury found Defendant liable for harassment, but not retaliation. The jury awarded Plaintiff compensatory damages in the sum of $10,000 and punitive damages in the sum of $12,500.

From January 2008 through the trial, Plaintiff was represented by Attorney Mary Leigh Leahy, an accomplished attorney with extensive experience representing plaintiffs in civil rights litigation. In addition, Attorney Douglas J. Quivey, a highly regarded trial attorney, served as co-counsel at trial.

## II.  Standard

In suits brought pursuant to Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 2000e - 5(k). Determining what fees are reasonable is a highly contextual and fact-specific enterprise, and thus district courts have wide latitude in setting awards of attorney's fees. *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010). A common and accepted framework for calculating reasonable attorney's fees involves three steps: making a threshold determination regarding who is a prevailing party;

determining a "lodestar figure" comprised of a reasonable fee multiplied by a reasonable number of hours expended on the litigation; and adjusting the "lodestar figure" upward or downward based on a variety of factors. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). In making these determinations, a court must articulate its reasoning, both with respect to the direction and amount of adjustments it makes from a prevailing party's request for fees. *Sottoriva*, 617 F.3d at 976.

### III. Discussion

Plaintiff has submitted a petition for attorney fees and costs in the amount of $108,047.65. This total includes $9,710.15 in costs, and $98,337.50 in attorney fees, based on a $350 per hour rate for Attorney Leahy and a $300 per hour rate for Attorney Quivey. Attorney Leahy and Attorney Quivey submit that they spent 177.25 hours and 121.00 hours on this litigation, respectively.

Defendant concedes that Plaintiff is a prevailing party, and thus as a threshold matter Plaintiff is entitled to reasonable attorney fees. However, Defendant objects to Plaintiff's proposed lodestar figure, and further argues that this Court should adjust damages downward from the lodestar figure to reflect Plaintiff's limited success at trial. Additionally, Defendant objects to Plaintiff's petition to supplement his request for fees on the basis of hours spent responding to Defendant's post-trial motion for judgment.

*1. Lodestar Figure*

A lodestar figure is calculated by considering an attorney's reasonable hourly rate and multiplying that hourly rate by the number of hours reasonably expended on litigation. *Hensley*, 461 U.S. at 433. Defendant argues that the hourly rates proposed by Attorney Leahy and Attorney Quivey are too high, given prevailing rates in the area. Furthermore, Defendant argues that Plaintiff's lodestar figure includes hours that are not reasonably expended, as use of two attorneys at trial resulted in redundant work.

First, Defendant argues that the proposed hourly rates of counsel are excessive. Attorney Leahy and Attorney Quivey have set their rates at $350 per hour and $300 per hour, respectively. Defendant attaches affidavits indicating that hourly rates of $200 to $225 are reasonable in Central Illinois for representing plaintiffs in civil rights cases. However, this Court rejects Defendant's proposal to reduce the hourly rates for Attorney Leahy and Attorney Quivey. In so doing, the Court notes that civil rights cases such as this pose pragmatic and economic challenges to counsel. *See Hensley,* 461 U.S. at fn. 3, fn. 9 (noting that a Court may consider the "undesirability" of a case in setting fees). Attorney Leahy described these difficulties in an affidavit, and discussed how these difficulties often result in lack of access to counsel for those seeking to be represented. (#60-1, p. 11-12.) This Court agrees with Attorney Leahy's assessment. Furthermore, the Court notes the impressive reputations and abilities of Attorney Leahy and Attorney Quivey. *See Hensley,* 461 U.S. at fn. 3, fn. 9 (noting the Court may consider the experience, reputation, and ability of the attorneys in setting fees). Both attorneys conducted themselves with the utmost professionalism and skill throughout litigation. Therefore, the Court finds Plaintiff's proposed hourly rates entirely reasonable and appropriate.

Second, Defendant argues that the proposed number of hours should be reduced because Plaintiff's use of two attorneys at trial resulted in hours not reasonably expended. Hours not reasonably expended should not be included in a lodestar figure calculation. *Hensley*, 461 U.S. at 434. Defendant asks the Court to remove time co-counsel spent conferring and Attorney Quivey's time in trial. Defendant submits this would amount to a reduction of 62.25 hours, and would reduce the lodestar figure by $20,500. This Court acknowledges that use of two highly experienced attorneys at a relatively short and straightforward trial likely led to inclusion of some hours that were not reasonably expended in Plaintiff's petition for fees. The Court declines, however, to eliminate all hours that co-counsel spent conferring and that Attorney Quivey spent at trial. Without these conferences and without the assistance of Attorney Quivey, Attorney Leahy would have necessarily expended more hours on the case. Attorney Quivey itemized between more than 12 hours per day for each day of trial, reflecting preparation that was not redundant, as he and Attorney Leahy divided responsibilities at trial. The Court concludes that to reflect overstaffing, yet acknowledge counsel's division of responsibility, it is

reasonable to reduce the loadstar figure by 25.00 hours, at Attorney Quivey's $300 per hour rate. This reduces Plaintiff's proposed lodestar figure by $7,500.00.

Thus, the Court accepts Plaintiff's proposed hourly rates for work by Attorney Leahy and Attorney Quivey. The Court modifies Plaintiff's proposed number of hours to reflect overstaffing at trial. Thus, the lodestar figure for attorney fees stands at Plaintiff's proposal of $98,337.50, minus $7,500.00 due to the Court's modifications, for a total of $90,837.50.

*2. Deviation for Limited Success*

Determination of a lodestar figure is a useful starting point for determining reasonable attorneys fees, but courts must not end their calculations there. "The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of 'results obtained.'" *Hensley*, 461 U.S. at 434.

Defendant argues Plaintiff's successful claim of harassment is distinct and unrelated to Plaintiff's claim of retaliation, and that therefore attorney fees should not be awarded for time spent in connection with the unsuccessful retaliation claim. In a related argument, Defendant argues that the total award of attorney fees, proposed at $108,047.65, is out of proportion to the relatively modest jury verdict of $22,500. Where a party has succeeded in only some of his claims for relief, a court should consider (1) whether the successful claims are related to the unsuccessful claims, and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434.

With respect to the first factor, claims are "related" for the purpose of determining attorney fees where relief involves a common core of facts, or is based on related legal theories, such that much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. *Id.* at 435. Here, the claims for harassment and retaliation involved significantly overlapping facts, as both claims turned on

factual issues related to the actions and motivation of Defendant's managing employees. Plaintiff's counsel likely devoted their time generally to the litigation as the whole, as the two claims would necessarily involve completing nearly the same discovery and deposing all the same witnesses. As such, the Court concludes that the successful claim of harassment is related to the unsuccessful claim of retaliation, and the Court will not deviate from the lodestar figure due to the failure of the retaliation claim.

With respect to the second factor, a district court has discretion to adjust attorney fees from the lodestar figure based on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 435. If a plaintiff has achieved only partial or limited success, the lodestar figure may be an excessive amount. *Id.* at 436. "This will be true even where plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* In making deviations on this basis, district courts may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. *Id.* Here, the petition for attorney fees and costs proposes a total award that is more than four times the jury verdict awarded in this case. The Court therefore believes that a downward deviation from the lodestar figure is appropriate. Regarding the amount of an appropriate deviation, the Court notes that the jury's verdict reflects a determination that racial harassment had occurred, but that there was minimal economic injury to Plaintiff. Defendant is not entitled to a substantial windfall due to this circumstance. Therefore, the Court exercises its discretion to reduce the lodestar figure by $10,000, which the Court considers to be an appropriately modest reduction.

In summary, the Court has arrived at a lodestar figure of $90,837.50, and used its discretion to reduce this lodestar figure by $10,000 to reflect Plaintiff's limited success at trial and relatively modest jury verdict. Based on these calculations, attorney fees total $80,837.50.

Costs specified by Plaintiff are $9,710.15.  Therefore, the Court orders a total award for attorney fees and costs in the amount of $90,547.65.

*3. Plaintiff's Motion to Supplement Petition for Attorney Fees*

After Plaintiff filed an initial petition for attorney fees, Defendant filed a post-trial motion for judgment under Rule 50(b).  In Plaintiff's motion to supplement his petition for attorney fees, Attorneys Leahy and Quivey indicate that they cumulatively billed for approximately twenty hours of time spent in connection with Defendant's post-trial motion.  Thus, Plaintiff seeks an additional $6,806.62 in attorney fees and costs.  Defendant objects, arguing that Plaintiff's counsel spent an unreasonable number of hours responding to the post-trial motion.  Defendant notes that all of the legal issues raised in the motion had also been raised at earlier stages in litigation, and thus Plaintiff's counsel did not need to conduct extensive legal research.

The Court notes that the parties had not previously filed any dispositive motions in this case, and thus this was the parties' first opportunity to succinctly state their positions regarding the facts and the legal issues.  This circumstance would understandably add to the time necessary to respond to Defendant's motion, especially given the importance of the motion and the possibility of appeal.  The Court concludes that Plaintiff's counsel did not spend an unreasonable amount of time responding to Defendant's motion.  As such, the Court grants Plaintiff's motion to supplement his petition for attorney fees, and awards the requested amount of $6,806.62.

### IV.  Summary

For the reasons stated above, in response to Plaintiff's Petition for Attorney Fees and Costs (#60), the Court **GRANTS (#60)** and awards attorney fees and costs to Plaintiff in the amount of $90,547.65.  Furthermore, the Court **GRANTS** Plaintiff's Motion to Supplement Petition for Attorney Fees **(#72)** and awards attorney fees and costs to Plaintiff in the amount of $6,806.62.

ENTER this 26th day of January, 2011.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE